ORIGINAL

**REISSUED FOR PUBLICATION**
**MAR 20 2018**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: February 13, 2018

FILED
FEB 13 2018
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEANNIE ONIKAMA, Mother of I.O., a minor, | * * * | UNPUBLISHED |
| Petitioner, | * * | No. 15-1348V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Dismissal; Insufficient Proof; Failure to Respond to Court Orders. |
| Respondent. | * | |

Jeannie Onikama, appearing *pro se*, for petitioner.
Camille Collett, United States Department of Justice, Washington, DC, for respondent.

### DECISION DISMISSING PETITION[1]

On November 9, 2015, petitioner Jeannie Onikama filed a petition in the National Vaccine Injury Compensation Program ("Program") on behalf of her minor child, I.O. Petitioner alleged that after receiving the Hepatitis A, DtaP, PCV, Varicella, and Haemophilus influenzae vaccines on November 20, 2012, I.O. experienced febrile seizures and continues to suffer from a seizure disorder and learning delays. Petition at 1. For the reasons stated herein, petitioner's claim is dismissed for insufficient proof and failure to respond to court orders.

### I. Procedural History

On November 9, 2015, petitioner filed her petition without supporting documentation or medical records. Petitioner was originally represented by counsel, Richard Gage, but he filed a motion to withdraw from the case on May 8, 2017. During a subsequent status conference on May 24, 2017, in which petitioner appeared *pro se*, I strongly recommended to petitioner that she obtain an attorney to represent her in this matter. I explained to petitioner that she needed to

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

FedEx Tracking-8104 2438 6450

submit expert testimony and other pertinent evidence related to her claim, which would be more easily accomplished through an attorney. Petitioner was provided with a list of attorneys who accept vaccine injury claims, and I ordered her to either file a status report indicating how she intended to proceed and successfully prove a case in the Program or to have an attorney file a motion for substitution of counsel by June 26, 2017. Petitioner did not meet this deadline or make other contact with the court.

An Order to Show Cause why this case should not be dismissed for failure to prosecute was issued on July 11, 2017. Petitioner's deadline to respond to that Order was August 9, 2017. After petitioner did not respond, my law clerk made several attempts to contact petitioner. She left voicemail messages for petitioner on September 5, 2017; September 14, 2017; and again on September 27, 2017.

On October 12, 2017, I issued a Final Order to Show Cause to allow petitioner additional time to contact my chambers. On October 18, 2017, petitioner called my law clerk to request an informal motion for extension of time to comply with the Order to Show Cause. I granted an extension until November 22, 2017, for petitioner to file a status report or have an attorney file a motion for substitution of counsel. Petitioner was again provided with a list of attorneys who accept vaccine injury claims and instructions for filing documents with the court.

On November 17, 2017, petitioner emailed my law clerk detailing her attempts to obtain counsel and requesting another informal motion for extension of time to comply with the Order to Show Cause. I again granted the extension, but noted that I did not anticipate granting further extensions unless an attorney had entered an appearance in the case and filed a status report indicating how he or she intended to proceed with this claim. Petitioner's deadline to comply was extended to January 2, 2018. To date, petitioner has not filed either a motion for substitution of counsel or a status report.

## II. Conclusion

A petitioner must establish entitlement to compensation in the Vaccine Program, through one of two ways. The first way is to establish that he or she suffered a "Table Injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present case, petitioner does not allege, nor do the medical records indicate, that I.O. suffered a Table Injury. Thus, to prevail on entitlement, petitioner must establish that the vaccines are the actual cause of I.O.'s injuries. Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In the present case, the submitted medical records alone are insufficient to establish

entitlement to compensation by showing vaccine causation, and petitioner has not submitted an expert report providing a medical theory linking I.O.'s injury to the vaccines administered on November 20, 2012. Petitioner has not fulfilled her burden under the Vaccine Act and *Althen*, and it is therefore appropriate to dismiss her claim for insufficient proof.

Further, when a petitioner fails to follow court orders, the special master can dismiss the petitioner's claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Saphasas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner was granted multiple extensions of time but she still has not complied with the Order to Show Cause, and she has to date not contacted my chambers regarding her most recent missed filing deadline. This repeated failure to meet deadlines or otherwise inform the court constitutes a failure to prosecute, which is separate grounds for dismissal of petitioner's claim.

**Pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims, this claim is DISMISSED for petitioner's failure to prosecute and failure to respond to court orders. The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

_____
Thomas L. Gowen
Special Master